**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>BUSINESS RECOVERY SERVICES, LLC; and BRIAN HESSLER,<br>　　　　Defendants. | **CV 11-390-PHX-JAT**<br><br>DISCOVERY ORDER |

Currently pending before the Court is a dispute between the parties regarding the methods Defendants are using to search for and retrieve information responsive to the Government's requests for production of documents pursuant to Fed. R. Civ. P. 34.[1] A hearing was held on February 7, 2012. During the course of the hearing, Defendants proposed adopting a sampling methodology for identifying and producing responsive documents. Ultimately, the parties were able to reach an agreement, and have submitted

---

[1] Defendants maintain data in several different forms, including ESI on approximately 26 desktop computers, approximately 9 web-based e-mail accounts (through such email service providers as Gmail and Yahoo!), two portable data storage devices (commonly called "thumb-drives"), approximately 8,000 audio tape recordings of telephone sales calls, and paper documents and files. This Order only concerns the production of ESI from three desktop computers Defendants had forensically imaged and preserved, all web-based e-mail accounts used in the course of business by Defendants, and the portable storage devices. This Order does not limit the Government's right to request and receive materials from other computers used by the business, nor Defendants' right to object to such request.

a proposed order for the Court.  I find that the resolution reached by the parties is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants will select a statistically significant random sample of the electronically stored information ("ESI") that has not previously been disclosed to the Government on:

1. The three desktop computers that have been forensically imaged in this matter;

2. All web-based e-mail accounts used for business purposes; and

3. The portable data storage devices referenced above, fn. 1.

**IT IS FURTHER ORDERED** that Defendants shall then implement the following procedures:

1. Develop search terms using an iterative process and use those terms to search the electronically stored information described above.

2. The search queries will continue to be developed and refined until statistically valid samples of unretrieved documents from each of the three categories of ESI above demonstrate to a 95% confidence level with a ±5% confidence interval that all responsive documents have been retrieved from each category of ESI.  The document search shall be deemed complete when less than 2.5% of the sample of unretrieved documents would have otherwise been coded as responsive.

3. On or before June 18, 2012, Defendants shall complete a certification stating (a) the search used, (b) the sampling procedures used, and (c) the statistical analysis results.

This certification shall be provided to the Government along with all responsive materials identified by Defendants.

4. The costs for steps 1-3 above shall be borne exclusively by Defendants.[2]

**IT IS FURTHER ORDERED** that the Government shall then have 14 days to review the certification provided by Defendant and select new search terms. The government may request searches that, excluding Boolean operators (e.g., and, not, or, etc.), will be limited to 50% of the number of the words (utilizing stemming and wild cards) used by Defendants.

**IT IS FURTHER ORDERED** that within 7 days of receiving the Government's terms, Defendants will provide the Government with a cost estimate for Defendants to search a statistically valid sample of newly retrieved documents for these queries and analyze any documents for responsiveness. The cost of determining the search term hit count and cost estimate shall be borne exclusively by Defendants.

**IT IS FURTHER ORDERED** that the Government may then ask Defendants to search for and retrieve documents using any of these queries. Defendants will then select a statistically valid sample of the newly retrieved documents and examine the sample for responsiveness to the Government's document requests. Following that review, Defendants shall complete a certification stating (a) the search used, (b) the sampling procedures used, and (c) the results of the statistical analysis and responsiveness review. This certification shall be provided to the Government along with any responsive

---

[2] Nothing in this order is intended to abrogate any of the rights of the parties to otherwise seek costs pursuant to Fed. R. Civ. P. 54.

materials identified by Defendants on or before August 3, 2012.  Should the Government ask Defendants to search for and analyze any documents for responsiveness using any of these queries, the costs of any searches (including, but not limited to ESI review at a rate not to exceed $100 per hour) shall be divided equally between the parties.

**IT IS FURTHER ORDERED** that Defendants shall provide the training protocol to be used for the review of electronically stored information in this case to the Government and permit the Government the opportunity to respond and propose changes to the protocol.

**IT IS FURTHER ORDERED** that if any documents are withheld on the basis of privilege, Defendants shall provide the Government with an appropriate privilege log. The privilege log must be provided to the government on or before August 3, 2012.

**IT IS FURTHER ORDERED** that the Court's scheduling order dated May 9, 2011, is modified so that all discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by November 19, 2012.  In no event, however, shall this provision alter the duties and obligations imposed upon the parties by Federal Rule of Civil Procedure 26(e).  This Order contemplates that each party will conduct discovery in an expeditious manner so as to complete, within the deadline, any and all discovery.[3]

---

[3] As set forth in the Order Setting Rule 16 Scheduling Conference, the Court will not entertain discovery disputes after the close of discovery barring extraordinary circumstances.  Therefore, the parties shall complete all discovery by the deadline set forth in this Order (complete being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the

**IT IS FURTHER ORDERED** that the parties shall participate in at least five (5) Rule 26(f) conferences, to be scheduled on or around March 19, 2012, April 23, 2012, May 28, 2012, July 2, 2012, and August 6, 2012. Additionally, on April 25, 2012, the parties shall file with the Court a joint status report. The report shall include, but is not limited to, the results of sampling to-date, the amount of responsive materials identified (both number of documents and number of kilobytes or gigabytes), the average review rate, the progress that has been made in reviewing responsive materials, and the parties' projected timelines for producing responsive materials.

**IT IS FURTHER ORDERED** extending the dispositive motion deadline to December 21, 2012.

**IT IS FINALLY ORDERED** that the lodged proposed orders at Docs. 147, 148, and 151 are all superseded by this Order.

Dated this 23rd day of February, 2012.

_____
James A. Teilborg
United States District Judge

---

Court's ruling on any discovery disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.