**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV11-390-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Business Recovery Services, LLC; Brian Hessler, | |
| Defendants. | |

Currently pending before the Court is Defendants' Motion to Dismiss (Doc. 142). The Court will deny the Motion as untimely.[1]

**BACKGROUND**

Defendant Business Recovery Services ("BRS") is an Arizona limited liability company with its principal place of business in Maricopa County. Defendant Brian Scott Hessler is the owner of Business Recovery Services (collectively referred to herein as "Defendants").

Defendants sell goods and services, including "recovery kits," that they state allow customers to recover funds that consumers have lost in previous transactions. Some of the

---

[1] After reviewing the briefing, the Court finds that oral argument would not aid its decisional process. The Court therefore vacates the oral argument currently set for 11:00 a.m. on April 23, 2012. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  customers who purchase Defendants' recovery kits lost money or other items of value in
2  previous telemarketing transactions.

3  Defendants market and sell their recovery kits to customers located across the United
4  States. Defendants initiate outbound telephone calls and receive inbound telephone calls.
5  These calls are used to induce customers to purchase Defendants' recovery goods and
6  services.

7  When a customer agrees to purchase one or more of Defendants' kits, Defendants
8  immediately charge or bill the costumer for the recovery kit(s). Defendants bill and
9  customers pay for recovery kit(s) before the recovery kit(s) are sent to the customers.

10  Defendants' recovery kits contain a variety of materials, including a list of the
11  business recovery kits Defendants sell, publications produced by the Federal Trade
12  Commission on Business Opportunities, and instructions on how to use the recovery kit.
13  Additionally, Defendants' recovery kits contain form letters, with blanks for customers to
14  write down their personal information, addressed to the Internal Revenue Service, a state
15  attorney general's office, the Better Business Bureau, the customer's credit card company,
16  and the United States Postal Inspection Service.

17  The Federal Trade Commission (the "Government") filed this suit on March 1, 2011.
18  Defendants filed their Answer on March 28, 2011. (Doc. 16.) Among other claims, the
19  Government alleges that Defendants' sale of recovery kits for an up-front fee to customers
20  who have lost money in previous telemarketing transactions violates the Telemarketing Sales
21  Rule, 16 C.F.R. Part 310. The Telemarketing Sales Rule, in relevant part, prohibits those
22  selling recovery goods or services from "requesting or receiving payment of any fee or
23  consideration from a person for goods or services represented to recover or otherwise assist
24  in the return of money or any other item of value paid for by, or promised to, that person in
25  a previous telemarketing transaction, until seven (7) business days after such money or other
26  item is delivered to that person." 16 C.F.R. § 310.4(a)(3).

27  The Government filed a Motion for a Preliminary Injunction (Doc. 5) to enjoin
28  Defendants from violating the Telemarketing Sales Rule. After holding a hearing on April

1  5, 2011, the Court granted the Government's Motion on April 15, 2011.  (Doc. 34.)  The
2  Court enjoined Defendants from "requesting or receiving payment of any fee or
3  consideration from a person for goods or services represented to recover or otherwise assist
4  in the return of money or any other item of value paid by that person in a previous
5  telemarketing transaction, until seven (7) business days after such money or other item is
6  delivered to that person."  (Doc. 34, p. 8.)

7  On May 24, 2011, the Government filed a Motion to hold Defendants in contempt for
8  violating the Court's injunction by continuing to charge an up-front fee for their recovery kits
9  from people who lost money in a prior telemarketing transaction.  (Doc. 53.)  After holding
10  a hearing, the Court granted the Motion on October 17, 2011 and held Defendants in
11  contempt.  (Doc. 117.)  As a contempt sanction, the Court ordered Defendants to pay the
12  Government's attorneys' fees  for the contempt briefing and hearing.

13  Also on October 17, the Court denied Defendants' Motion for New Trial and for
14  Opinion Regarding Proposed Conduct (Doc. 38), Motion to Prohibit Website Postings (Doc.
15  75), Motion to Dissolve or Modify the Preliminary Injunction (Doc. 83), and Motion to
16  Appoint a Master (Doc. 86.)  (Doc. 118.)  In deciding the Motion to Dissolve, the Court
17  found that no significant change in the law or the facts existed justifying a dissolution or
18  modification of the injunction.  (Doc. 118.)  The Court further found that the business-to-
19  business exception to the Telemarketing Sales Rule did not apply to Defendants' sales of the
20  recovery kits.  (Id.)

21  Defendants appealed the Court's entry of an injunction on November 5, 2011 (Doc.
22  128).  Despite appealing from the injunction, Defendants filed another Motion to Dissolve
23  Preliminary Injunction on November 22, 2011 (Doc. 131) and a Motion to Stay discovery
24  pending the appeal (Doc. 132).  The Court denied the Motion to Stay and Motion to Dissolve
25  on December 8, 2011.  (Doc. 137.)

26  Defendants did not file their pending Motion to Dismiss for Failure to State a Claim
27  Under Rule 12(b)(6) until January 16, 2012.  (Doc. 142.)

28

**UNTIMELY MOTION**

Certain defenses, such as failure to state a claim, are waived unless a defendant raises them before pleading when a responsive pleading is allowed. Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion must be made before a responsive pleading. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).

Defendants filed their Answer back on March 28, 2011. (Doc. 16.) They did not file the pending Motion to Dismiss until more than nine months later on January 16, 2012, after the Court already had conducted both a preliminary injunction and a contempt hearing and resolved numerous motions. Because Defendants filed their Rule 12(b)(6) Motion well after filing their Answer, the Motion to Dismiss is untimely, and the Court will deny it.

Both the Government and Defendants suggest that the Court can treat the untimely Motion to Dismiss as a motion for judgment on the pleadings. The parties correctly note that the Court has the option of treating the pending Motion as one for judgment on the pleadings. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)(adopting the approach of cases holding that "if a motion to dismiss for failure to state a claim is made after the answer is filed, the court can treat the motion as one for judgment on the pleadings pursuant to F.R.Civ.P.12(c)."). But given the long delay in bringing the Motion and the extensive litigation that already has occurred in this case, the Court will decline to treat the Motion to Dismiss as a motion for judgment on the pleadings.

Moreover, even if the Court treated the untimely Motion to Dismiss as a Rule 12(c) motion, the Court likely would deny the Motion on the merits. The purpose of proper pleading is to give litigants sufficient notice of the claims against them. After holding two evidentiary hearings in this case, Defendants undoubtedly have notice of the bases for the Government's claims. Not only do Defendants have notice of the claims, but the Court has actually already found that Defendants violated the Telemarketing Sales Rule.

Accordingly,

**IT IS ORDERED** DENYING Defendants' Motion to Dismiss (Doc. 142).

**IT IS FURTHER ORDERED** DENYING as moot the Government's Motion for

1  Leave to File Surreply (Doc. 156).
2  **IT IS FURTHER ORDERED** VACATING the oral argument currently set for 11:00
3  a.m. on April 23, 2012.
4      DATED this 10th day of April, 2012.

                                  James A. Teilborg
                                United States District Judge