**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, ) | No. CV-11-0390-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Business Recovery Services, LLC; Brian ) Hessler, ) |  |
| Defendants. ) |  |

Pending before the Court is Defendants' Motion to Modify Temporary Injunction. (Doc. 167). The Court now rules on the Motion.[1]

**I.    BACKGROUND**

Defendant Business Recovery Services is an Arizona limited liability company with its principal place of business in Maricopa County. Defendant Brian Scott Hessler is the owner of Business Recovery Services. Defendants sell goods and services, including "recovery kits," that they state allow customers to recover funds that consumers have lost in previous transactions. Some of the customers who purchase Defendants' recovery kits lost

---

[1] Though oral argument was requested on the Motion, because both the parties submitted memoranda discussing the law and evidence in support of their positions and oral argument would not have aided the Court's decisional process, the Court will not set oral argument. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

money or other items of value in previous telemarketing transactions. Among other claims, Plaintiff United States of America (the "Government") alleges that Defendants' sale of recovery kits to customers who have lost money in previous telemarketing transactions violates the Telemarketing Sales Rule, 16 C.F.R. Part 310.

The Government filed a Motion for a Preliminary Injunction (Doc. 5) to enjoin Defendants from violating the Telemarketing Sales Rule. After holding a hearing on April 5, 2011, the Court granted the Government's Motion. The Court enjoined Defendants from "requesting or receiving payment of any fee or consideration from a person for goods or services represented to recover or otherwise assist in the return of money or any other item of value paid by that person in a previous telemarketing transaction, until seven (7) business days after such money or other item is delivered to that person." (Doc. 34, p. 8).

Defendants moved to modify that injunction. (Doc. 83). That motion was denied. (Doc. 118). Defendants appealed that denial to the Ninth Circuit Court of Appeals. (Doc. 128). Defendants now move again to modify the Court's injunction. (Doc. 167)

## II. THE APPEAL

The Ninth Circuit Court of Appeals has now ruled on Defendants' appeal, and affirmed the denial of modification. *United States v. Bus. Recovery Servs., LLC*, No. 11-17677 (9th Cir. June 15, 2012).[2] Accordingly, this Court has jurisdiction to amend the preliminary injunction.

## III. LEGAL STANDARD AND ANALYSIS

A court that issues an injunction retains the power to modify or suspend it. *Clark v. Coye*, 60 F.3d 600, 606 (9th Cir. 1995). The party seeking dissolution or modification of an injunction bears the burden of establishing that a significant change in facts or law justifies dissolution or modification. *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000) (citing *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992)). If the party meets its initial

---

[2] The Court notes that the mandate has not issued. However, the slip opinion is currently controlling law.

burden of demonstrating a significant change in facts or law, then the Court considers whether the proposed modification is suitably tailored to the changed circumstances. *Rufo*, 502 U.S. at 383.

Here, Defendants do not raise any significant change in fact or law. Defendants simply request that the Court pre-approve Defendants' sale of a book and the operation of 'a dispute resolution university.' Defendants do not meet their burden of establishing changed circumstances sufficient to warrant a modification. Because Defendants have not demonstrated a significant change in facts, or the law, the Court will not modify the injunction.

**IV.  CONCLUSION**

Accordingly,

**IT IS ORDERED** denying Defendants' Motion to Modify Temporary Injunction. (Doc. 167).

DATED this 16th day of July, 2012.

James A. Teilborg
United States District Judge