**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV 11-0390-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Business Recovery Services, LLC; Brian Hessler, | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's Motion for Entry of Judgment (Doc. 160). The Court now rules on this motion.

**I.      Background**

Defendant Business Recovery Services ("BRS") is an Arizona limited liability company with its principal place of business in Maricopa County. Defendant Brian Scott Hessler is the owner of BRS (collectively referred to herein as "Defendants").

Defendants sell goods and services, including "recovery kits," that they state allow customers to recover funds that consumers have lost in previous transactions. Some of the customers who purchase Defendants' recovery kits lost money or other items of value in previous telemarketing transactions.

Plaintiff filed a Motion for a Preliminary Injunction (Doc. 5) to enjoin Defendants from violating the Telemarketing Sales Rule.  After holding a hearing on April 5, 2011,

1    the Court granted the Plaintiff's Motion.  The Court enjoined Defendants from:

2            requesting or receiving payment of any fee or consideration from a person
             for goods or services represented to recover or otherwise assist in the return
3            of money or any other item of value paid by that person in a previous
             telemarketing transaction, until seven (7) business days after such money or
4            other item is delivered to that person.

5    (Doc. 34 at 8.)

6            On May 24, 2011, Plaintiff moved for an order to show cause why Defendants

7    should not be held in contempt for violating the preliminary injunction, and on October

8    17, 2011, after a hearing and a full briefing on the issue, the Court held Defendants in

9    civil contempt. (Doc. 117). As part of that holding, the Court granted Plaintiff its

10   attorneys' fees associated with the contempt proceedings as a sanction against

11   Defendants.

12           On November 5, 2011, Defendants filed a notice of appeal in which they appealed

13   the Court's contempt ruling as well as the Court's rejection of a request to modify or

14   dismiss the preliminary injunction. (Doc. 128). On June 20, 2012, the Court of Appeals

15   for the Ninth Circuit affirmed the denial of the motion to modify or dissolve the

16   preliminary injunction. *United States v. Bus. Recovery Servs., LLC*, No. 11-17677, at *3

17   (9th Cir. June 15, 2012). In that opinion, the Circuit Court also ruled that they did "not . . .

18   have jurisdiction over the contempt order." *Id.* Plaintiff now moves the Court to enter

19   judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure (Rule 58) on the

20   attorneys' fees order.

21   **II.    Analysis**

22           Plaintiff asserts that Rule 58 of the Federal Rules of Civil Procedure should apply

23   in this case. Part (d) of that Rule reads: "[a] party may request that judgment be set out in

24   a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d). Section (a) of Rule

25   58 indicates "[e]very judgment and amended judgment must be set out in a separate

26   document, but a separate document is not required for an order disposing of a motion . . .

27   (3) for attorney's fees under Rule 54." Fed. R. Civ. P. 58(a)(3). Plaintiff cites to a split of

28   authority regarding whether or not the exception listed in Rule 58(a)(3) applies to an

1    award of attorneys' fees ordered as a sanction. (Doc. 160 at 2-3). Plaintiff first cites to a

2    Seventh Circuit opinion indicating that awards of attorneys' fees, whether explicitly

3    arising under Rule 54 or not, do not require a separate judgment pursuant to the Rule

4    58(a)(3) exception. *Feldman v. Olin Corp.*, 673 F.3d  515, 517 (7th Cir. 2012) ("Rule 58

5    should not be read to mean that some motions for awards of attorneys' fees are 'under'

6    Rule 54 and others are 'under' something else and therefore require a separate judgment

7    document"). That court held that Rule 54 does not create a right to claim attorneys' fees,

8    but instead outlines the appropriate procedure for enforcing such a right to attorneys' fees.

9    *Id.* The court found that a sanction in the form of attorneys' fees was indeed "under Rule

10   54" if it followed Rule 54 procedures. *Id.*

11          Plaintiff next cites to a New York District Court opinion that held that a court

12   should enter a judgment on an order for attorneys' fees awarded as a sanction. *Burgie v.*

13   *Euro Brokers, Inc.*, 2008 WL 4185701 at *8 (E.D.N.Y. Sept. 8, 2008)("[c]ourts routinely

14   enter judgment in the amount of sanctions when an attorney fails to satisfy the amount of

15   the sanction award, even when the overarching litigation is not yet terminated"). The

16   court in *Burgie* appears to have read Rule 58(a)(3) to be inapplicable to attorneys' fees

17   awarded as sanctions. *Id.* at 7 (*See* "Rule 58(a), in turn, provides that '[e]very judgment

18   and amended judgment must be set out in a separate document,' *with exceptions not*

19   *relevant herein*.") (emphasis added). The Court finds this non-binding District Court

20   opinion unpersuasive.

21          The Court, in the absence of Ninth Circuit law, agrees with the reasoning of the

22   Seventh Circuit. The Court ordered Plaintiff to comply with Local Rule of Civil

23   Procedure 54.2 when filing its motion for attorneys' fees associated with the contempt

24   proceedings. (Doc. 117). Rule 54.2 was designed to be consistent with Rule 54. Fed. R.

25   Civ. P. 83(a)(1). Because Plaintiff's motion for fees was made in a manner consistent

26   with the procedures listed in Rule 54, the exception contained in Rule 58(a)(3) should

27   apply. The Court does not need to enter a separate judgment on the attorneys' fees order

28   and therefore will not do so.

1    The Court's conclusion here does not free Defendants from their obligation to pay

2  Plaintiff its attorneys' fees of $33,064.87 pursuant to the Court's Order of March 8, 2012

3  (Doc. 155). Plaintiff does not need a separate judgment to collect on its award of fees.

4  Defendants are required to pay pursuant to the Court's earlier award of attorneys' fees.

5  (Doc. 155).

6  **III.    Conclusion**

7    Based on the foregoing,

8    **IT IS ORDERED** denying Plaintiff's Motion for Entry of Judgment (Doc. 160) as

9  unnecessary.

10    DATED this 26th day of July, 2012.

James A. Teilborg
United States District Judge

- 4 -